# EXHIBIT "A"

9/6/2016 11:30:29 AM
**Velva L. Price**
**District Clerk**
**Travis County**
**D-1-GN-16-004261**
**Ruben Tamez**

D-1-GN-16-004261

CAUSE NO. _____

| | | |
|---|---|---|
| SIDNEY CAMERON | § | IN THE DISTRICT COURT |
| | § | 98TH |
| VS. | § | _____ JUDICIAL DISTRICT |
| | § | |
| LIBERTY INSURANCE CORPORATION | § | |
| AND TONI ANGELLO | § | TRAVIS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION WITH DISCOVERY ATTACHED

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES SIDNEY CAMERON (hereinafter referred to as "Plaintiff"), complaining of Defendants, LIBERTY INSURANCE CORPORATION (hereinafter referred to as "LIBERTY") and TONI ANGELLO (hereinafter referred to as "ANGELLO"), and for cause of action would respectfully show unto the Court and Jury as follows:

## I. DISCOVERY CONTROL PLAN

Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure.   This case involves complex issues and will require extensive discovery.   Therefore, Plaintiff asks the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

## II. PARTIES AND SERVICE

Plaintiff, SIDNEY CAMERON, is an individual and resident of Travis County.

Defendant, LIBERTY INSURANCE CORPORATION, is an insurance company engaging in the business of insurance and operating in the State of Texas procuring and adjusting policies in Texas.  LIBERTY INSURANCE CORPORATION can be served through its registered agent at the following address:

Corporation Service Company
211 East 7th Street, Suite 620
Austin, Texas 78701 - 3218.

Defendant, TONI ANGELLO, is an individual and resident domiciled in the State of Texas engaging in the business of insurance adjusting policies and claims in Texas.   TONI ANGELLO can be served at the following address:

> Toni Angello
> 3704 Autumn Bay Dr.
> Austin, Texas 78744-1756.

### III. JURISDICTION AND VENUE

This Court has Jurisdiction over this case in that the amount in controversy exceeds the minimum jurisdictional limits of this Court.

The Court has jurisdiction over LIBERTY because this defendant is an insurance company that engages in the business of insurance in the State of Texas, and Plaintiff's causes of action arise out of this defendant's business activities in the State of Texas.

The Court has jurisdiction over ANGELLO because this defendant engages in the business of insurance adjusting policies and claims in the State of Texas, and Plaintiff's causes of action arise out of this defendant's business activities in the State of Texas.

Venue is mandatory and proper in Travis County, Texas, because all or a substantial part of the events giving rise to the lawsuit occurred in this county (*see* Tex. Civ. Prac. & Rem. Code § 15.002) and the insured property that is the basis of this lawsuit is located in Travis County, Texas.

### IV. CONDITIONS PRECEDENT

All conditions precedent to recovery have been performed, waived, or have occurred.

### V. FACTS

A.      Plaintiff is the owner of insurance Policy No. H37-298-044289-70 issued by LIBERTY (hereinafter referred to as the "Policy").

2

B.   Plaintiff owns the insured property which is specifically located at 5832 Lomita Verde Cir., Travis County, Austin, Texas 78749 (hereinafter referred to as the "Property").

C.   LIBERTY or its agent sold the Policy, insuring the Property, to Plaintiff.

D.   On or about September 19, 2014, a wind and hail storm struck Central Texas causing severe damage to homes and businesses throughout the area, including Plaintiff's Property.

E.   Plaintiff submitted a claim to LIBERTY against the Policy for roof and other damage and resulting water damage the Property sustained as a result of a wind and hail storm. Plaintiff asked that LIBERTY cover the cost of repairs to the Property pursuant to the Policy and any other available coverages under the Policy.

F.   LIBERTY has assigned Claim Number 030631526 to Plaintiff's claim.

G.   LIBERTY assigned ANGELLO to individually investigate and adjust the claim.  As the adjuster assigned, ANGELLO was improperly trained and failed to perform a thorough investigation of Plaintiff's claim.

H.   ANGELLO was charged with investigating the claim and communicating with Plaintiff about the Policy terms. ANGELLO inspected Plaintiff's Property on or about September 22, 2014.  During the inspection, ANGELLO was tasked with the responsibility of conducting a thorough and reasonable inspection of Plaintiff's claim, including determining the cause of and then qualifying the damage done to Plaintiff's Property. At the request of LIBERTY, ANGELLO prepared an estimate for costs to repair the Property, which vastly underscoped the actual covered damages to the Property, thus demonstrating ANGELLO did not conduct a thorough investigation of the claim. Moreover, ANGELLO conducted a substandard inspection of Plaintiff's Property by

3

omitting all the covered damages to the Plaintiff's dwelling, roof, and other structures. Ultimately, ANGELLO'S estimate did not allow adequate funds to cover the cost of repairs to all damages sustained by Plaintiff.

I.  ANGELLO failed to fairly evaluate and adjust Plaintiff's claim as she is obligated to do under the Policy and Texas law.  By failing to properly investigate the claim, preparing a vastly underscoped estimate which resulted in a wholly inaccurate claim payment, ANGELLO engaged in unfair settlement practices by misrepresenting material facts to Plaintiff – that the covered damage to the Property was much less than it actually is. Specifically, ANGELLO both underestimated and undervalued the cost of materials required for the necessary repairs, incorrectly applied material sales tax, and failed to include contractor's overhead and profit.  ANGELLO's inadequate investigation was relied upon by LIBERTY in this action and resulted in Plaintiff's claim being undervalued and underpaid.

J.  ANGELLO failed to properly adjust the claim and LIBERTY has denied at least a portion of the claim without an adequate investigation, even though the Policy provided coverage for losses such as those suffered by Plaintiff.  As a result of ANGELLO's unreasonable investigation of the claim, including not providing full coverage for damages sustained by Plaintiff, as well as under-scoping the damages during her investigation and thus denying adequate and sufficient payment to Plaintiff to repair their Property, Plaintiff's claim was improperly adjusted.

K.  LIBERTY and ANGELLO wrongfully denied Plaintiff's claim for repairs to the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff.  Furthermore, LIBERTY failed to pay Plaintiff's claim by not providing

4

coverage for the damages sustained by Plaintiff. ANGELLO's mishandling of Plaintiff's claim has also caused a delay in their ability to fully repair their Property, which resulted in additional damage.

L.  To this date, Plaintiff's claim still remains unpaid and Plaintiff still has not been able to properly repair the Property.

M.  LIBERTY failed to perform its contractual duty to adequately compensate Plaintiff under the terms of the Policy. Specifically, LIBERTY and ANGELLO failed and refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged Property and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. LIBERTY's and ANGELLO's conduct constitutes a breach of the insurance contract between LIBERTY and Plaintiff.

N.  ANGELLO misrepresented to Plaintiff that the damage to the Property was not covered under the Policy by omitting covered damages to the dwelling, roof, and other structures in the estimate ANGELLO prepared, even though the damage was caused by a covered occurrence. ANGELLO's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060(a)(1).

O.  LIBERTY and ANGELLO failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. LIBERTY's and ANGELLO's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060 (a)(2)(A).

P.  LIBERTY and ANGELLO failed to explain to Plaintiff the reasons for their offer of an inadequate settlement. Specifically, LIBERTY and ANGELLO failed to offer Plaintiff

adequate compensation, without any explanation why full payment was not being made. Furthermore, ANGELLO did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did he provide any explanation for the failure to adequately settle Plaintiff's claim.  LIBERTY's and ANGELLO's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060(a)(3).

Q.  LIBERTY and ANGELLO failed to affirm or deny coverage of Plaintiff's claim within a reasonable time.  Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from LIBERTY.  LIBERTY's and ANGELLO's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060(a)(4).

R.  LIBERTY refused to fully compensate Plaintiff, under the terms of the Policy, even though LIBERTY and ANGELLO failed to conduct a reasonable investigation. Specifically, ANGELLO performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses to the Property.  LIBERTY's and ANGELLO's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060 (a)(7).

S.  LIBERTY failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated deadline.  LIBERTY's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims, TEX. INS. CODE Section 542.055.

T.   LIBERTY failed to accept or deny Plaintiff's full and entire claim within the statutory mandated deadline of receiving all necessary information.   LIBERTY's conduct constitutes violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE Section 542.056.

U.   LIBERTY and ANGELLO failed to meet their obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, LIBERTY and ANGELLO have delayed full payment of Plaintiff's claim longer than allowed and, to date; Plaintiff has not yet received full payment for their claim.   LIBERTY's and ANGELLO's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims, TEX. INS. CODE Section 542.058.

V.   From and after the time Plaintiff's claim was presented to LIBERTY and ANGELLO, the liability of LIBERTY and ANGELLO to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, LIBERTY and ANGELLO have refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment.   LIBERTY's and ANGELLO's conduct constitutes a breach of the common law duty of good faith and fair dealing.

W.   LIBERTY and ANGELLO knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

X.   As a result of LIBERTY's and ANGELLO's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who is representing Plaintiff with respect to these causes of action.

7

Y.     Plaintiff's experience is not an isolated case.  The acts and omissions of LIBERTY and ANGELLO committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of LIBERTY and ANGELLO with regard to handling these types of claims.   LIBERTY's and ANGELLO's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholder.

## VI. THEORIES OF LIABILITY

### A. Cause of Action for Breach of Contract

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs herein.

According to the Insurance Policy that Plaintiff purchased, LIBERTY and ANGELLO have the duty to investigate and pay Plaintiff's policy benefits for claims made for covered damages, including additional benefits under the Policy, resulting from a wind and hail storm. As a result of a Wind and Hailstorm and/or ensuing losses from a wind and hail storm, both of which are covered perils under the Policy, Plaintiff's Property and personal Property have been damaged.

LIBERTY's and ANGELLO's failure and refusal, as described above, to pay the adequate compensation as they are obligated to do under the terms of the Policy in question and under the laws of the State of Texas, constitutes a breach of LIBERTY's contract with Plaintiff.   As a result of this breach of contract, Plaintiff has suffered the damages that are described in this petition.

**B. Cause of Action for Violation of Section 542**

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs herein.

LIBERTY's and ANGELLO's acts, omissions, failures and conduct that are described in this petition violate Section 542 of the Texas Insurance Code.  Within the timeframe required after the receipt of either actual or written notice of Plaintiff's claim, LIBERTY and ANGELLO did not request from Plaintiff any items, statements, and forms that they reasonably believed at that time would be required from Plaintiff for their claim.  As a result, LIBERTY and ANGELLO have violated Section 542 by failing to accept or reject Plaintiff's claim in writing within the statutory timeframe.  LIBERTY and ANGELLO also violated Section 542 by failing to pay Plaintiff's claim within the applicable statutory period.  In addition, in the event it is determined that LIBERTY owes Plaintiff any additional monies on Plaintiff's claim, then LIBERTY has automatically violated Section 542 in this case.

**C. DTPA Cause of Action**

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs herein.

Plaintiff incorporates all the allegations in this petition for this cause of action against LIBERTY and ANGELLO under the provisions of the DTPA.  Plaintiff is a consumer of goods and services provided by LIBERTY and ANGELLO pursuant to the DTPA.  Plaintiff has met all conditions precedent to bringing this cause of action against LIBERTY and ANGELLO.  Specifically, LIBERTY's and ANGELLO's violations of the DTPA include, without limitation, the following matters:

9

By their acts, omissions, failures, and conduct that are described in this petition, LIBERTY and ANGELLO have violated Sections 17.46 (b)(2), (5), (7), (9), (12) and (24) of the DTPA.  In this respect, LIBERTY's and ANGELLO's violations include, without limitation, (1) their unreasonable delays in the investigation, adjustment and resolution of Plaintiff's claim, (2) their failure to give Plaintiff the benefit of the doubt, and (3) their failure to pay for the proper repair of Plaintiff's Property on which liability had become reasonably clear.

As described in this petition, LIBERTY represented to Plaintiff that its insurance policy and its adjusting and investigative services that were provided by ANGELLO had characteristics or benefits that they did not have, which gives Plaintiff the right to recover under Section 17.46 (b)(5) of the DTPA;

As described in this petition, LIBERTY represented to Plaintiff that its insurance policy and its adjusting and investigative services that were provided by ANGELLO were of a particular standard, quality, or grade when they were of another in violation of Section 17.46 (b)(7) of the DTPA;

As described in this petition, LIBERTY advertised its insurance policy and its adjusting and investigative services that were provided by ANGELLO with intent not to sell them as advertised in violation of Section 17.46 (b)(9) of the DTPA;

    A.    As described in this petition, LIBERTY represented to Plaintiff that its insurance policy and its adjusting and investigative services that were provided by ANGELLO conferred or involved rights, remedies, or obligations that they did not have, which gives Plaintiff the right to recover under Section 17.46 (b)(12) of the DTPA;

    B.    As described in this petition, LIBERTY and ANGELLO failed to disclose

10

information concerning goods or services which were known at the time of the transaction and such failure to disclose was intended to induce Plaintiff into a transaction into which the Plaintiff would not have entered had the information been disclosed, which gives Plaintiff the right to recover under Section 17.46 (b)(24) of the DTPA;

C.   LIBERTY and ANGELLO have breached an express warranty that the damage caused by a wind and hail storm would be covered under the insurance policies. This breach entitles Plaintiff to recover under Sections 17.46 (b)(12) and (19) and 17.50 (a)(2) of the DTPA;

D.   LIBERTY' and ANGELLO'S actions as described in this petition, are unconscionable in that they took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree.   LIBERTY's and ANGELLO's unconscionable conduct gives Plaintiff the right to relief under Section 17.50(a)(3) of the DTPA; and

E.   LIBERTY's and ANGELLO's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of Section 17.50 (a)(4) of the DTPA.

All of the above-described acts, omissions, and failures of LIBERTY and ANGELLO are a producing cause of Plaintiff's damages that are described in this petition.

All of the above-described acts, omissions, and failures of LIBERTY and ANGELLO were done knowingly and intentionally as those terms are used in the Texas Deceptive Trade Practices Act.

11

**D. Cause of Action for Unfair Insurance Practices**

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs herein.

Plaintiff incorporates all the allegations in this petition for this cause of action against LIBERTY and ANGELLO under the Texas Insurance Code.  Plaintiff has satisfied all conditions precedent to bringing this cause of action.

ANGELLO is liable individually for her unfair and deceptive acts, irrespective of the fact that she was acting on behalf of LIBERTY, because she is a "person" defined by section 541.002(2).   The term "person" is defined as "any *individual*, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, other legal entity in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor." TEX. INS.CODE § 541.002(2). (emphasis added). (See also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1988) (holding an insurance company employee to be a "person" for the purpose of bringing an action against him or her under the Texas Insurance Code and subjecting him or her to individual liability)).

By their acts, omissions, failures, and conduct, LIBERTY and ANGELLO have engaged in unfair and deceptive acts or practices in the business of insurance in violation of 541 of the Texas Insurance Code. Such violations include, without limitation, all the conduct described in this petition plus LIBERTY's and ANGELLO's unreasonable delay in the investigation, adjustment, and resolution of Plaintiff's claims and LIBERTY's failure to pay for the proper repair of Plaintiff's Property on which liability had become reasonably clear.   They further include LIBERTY's and ANGELLO's failure to give Plaintiff the benefit of the doubt. Specifically, LIBERTY and ANGELLO are guilty of the following unfair insurance practices:

A.    Engaging in false, misleading, and deceptive acts or practices in the business of insurance in this case;

B.    Engaging in unfair claim settlement practices;

C.    Misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue;

D.    Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of claims submitted in which liability has become reasonably clear;

E.    Failing to affirm or deny coverage of Plaintiff's claim within a reasonable time;

F.    Refusing to pay Plaintiff's claim without conducting a reasonable investigation with respect to the claim; and

G.    Failing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for the denial of a claims or for the offer of a company's settlement.

LIBERTY and ANGELLO have also breached the Texas Insurance Code when they breached their duty of good faith and fair dealing.  LIBERTY's and ANGELLO's conduct as described herein has resulted in Plaintiff's damages that are described in this petition.

All of the above-described acts, omissions, and failures of LIBERTY and ANGELLO were done knowingly as that term is used in the Texas Insurance Code.

**E. Cause of Action for Breach of Duty of Good Faith and Fair Dealing**

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs herein.

Plaintiff incorporates all the allegations of the preceding paragraphs for this cause of action.  By their acts, omissions, failures and conduct, LIBERTY and ANGELLO have breached

13

their common law duty of good faith and fair dealing by failing to pay the proper amounts on Plaintiff's entire claim without any reasonable basis and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for this denial.  LIBERTY and ANGELLO have also breached this duty by unreasonably delaying payment of Plaintiff's entire claim and by failing to settle Plaintiff's entire claim because LIBERTY and ANGELLO knew or should have known that it was reasonably clear that the claim was covered.

These acts, omissions, failures, and conduct of LIBERTY and ANGELLO are a proximate cause of Plaintiff's damages.

**F. Cause of Action for Fraud**

LIBERTY and ANGELLO are liable to Plaintiff for common law fraud.  Each and every one of the representations, as described above, concerned material facts for the reason that absent such representations, Plaintiff would not have acted as they did, and which LIBERTY and ANGELLO knew were false or made recklessly without any knowledge of their truth as a positive assertion.  The statements were made with the intention that they should be acted upon by Plaintiff, who in turn acted in reliance upon the statements, thereby causing Plaintiff to suffer injury and constituting common law fraud.

## VII. WAIVER AND ESTOPPEL

LIBERTY and ANGELLO have waived and are estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

## VIII. DAMAGES

The above described acts, omissions, failures and conduct of LIBERTY and ANGELLO have caused Plaintiff's damages which include, without limitation, the cost to properly repair

14

Plaintiff's Property and any investigative and engineering fees incurred in the claims.  Plaintiff is also entitled to recover consequential damages from LIBERTY's breach of contract.  Plaintiff is also entitled to recover the amount of their claim plus an 18% per annum penalty on that claim against LIBERTY and ANGELLO as damages under Section 542 of the Texas Insurance Code, plus prejudgment interest and attorneys' fees.  All the damages described in this petition are within the jurisdictional limits of the Court.

### IX. STATEMENT OF RELIEF AND DAMAGES OVER $200,000

The total damages sought by Plaintiff against LIBERTY and ANGELLO for all elements of damage exceed the sum $200,000, including exemplary and punitive damages, penalties, attorneys' fees, interests, and costs.  Plaintiff will not seek or accept damages and/or award that may be rendered in the above-captioned matter in excess of $1,000,000.  As a result of LIBERTY's and ANGELLO's conduct that is described in this petition, Plaintiff pleads out of the expedited actions process governed by Rules 47 and 169 under the Texas Rules of Civil Procedure.  Plaintiff further pleads for judgment for all the other relief to which it deems justly entitled.

### X. ADDITIONAL DAMAGES

LIBERTY and ANGELLO have also "knowingly" and "intentionally" committed deceptive trade practices and unfair insurance practices as those terms are defined in the applicable statutes.  Because of LIBERTY's and ANGELLO's knowing and intentional misconduct, Plaintiff is entitled to additional damages as authorized by Section 17.50(b)(1) of the DTPA.  Plaintiff is further entitled to the additional damages that are authorized by Section 541 of the Texas Insurance Code.

## XI. EXEMPLARY DAMAGES

LIBERTY's and ANGELLO's breach of their duty of good faith and fair dealing owed to Plaintiff was done intentionally, with a conscious indifference to the rights and welfare of Plaintiff and with "malice" as that term is defined in Chapter 41 of the Texas Civil Practice and Remedies Code. These violations by LIBERTY and ANGELLO are the type of conduct which the State of Texas protects its citizen against by the imposition of exemplary damages. Therefore, Plaintiff seeks the recovery of exemplary damages in an amount to be determined by the finder of fact that is sufficient to punish LIBERTY and ANGELLO for their wrongful conduct and to set an example to deter LIBERTY, ANGELLO, and others similarly situated from committing similar acts in the future.

## XII. ATTORNEYS' FEES

As a result of LIBERTY's and ANGELLO's conduct that is described in this petition, Plaintiff has been forced to retain the undersigned attorneys to prosecute this action and have agreed to pay reasonable attorneys' fees. Plaintiff is entitled to recover these attorneys' fees under Chapter 38 of the Texas Civil Practices and Remedies Code, Sections 541 and 542 of the Texas Insurance Code, and Section 17.50 of the DTPA.

## XIII. JURY DEMAND

Plaintiff asserts Plaintiff's right to a trial by jury, under Texas Constitution Article 1, Section 15, and makes this demand for a jury trial at least 30 days before the date this case is set for trial, in accordance with Texas Rule of Civil Procedure 216. Plaintiff tenders the fee of $40.00, as required by Texas Government Code Section 51.604.

16

## XIV. WRITTEN DISCOVERY

*Plaintiff's Request for Disclosure, Requests for Production, and Interrogatories to Defendants* are attached hereto.

## XV. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that LIBERTY and ANGELLO be cited to appear and answer herein, and that upon trial hereof, said Plaintiff has and recover such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, both as to actual damages, consequential damages, treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of court, for prejudgment and post judgment interest as allowed by law, and for any other and further relief, at law or in equity, to which they may show themselves to be justly entitled.

Respectfully submitted,

SOLIS & SMITH, P.C.
12703 Spectrum Drive, Suite 100
San Antonio, Texas  78249
Telephone:  (210) 223-5000
Telecopier:  (210) 223-5007


By:_____

       PAUL A. SMITH, JR.
       State Bar No. 24015025
       paul@solisandsmithlaw.com

       CARLOS E. SOLIS
       State Bar No. 24002972
       carlos@solisandsmithlaw.com

ATTORNEYS FOR PLAINTIFF,
SIDNEY CAMERON

Unofficial copy Travis Co. District Clerk Velva L. Price

CAUSE NO. _____

| | | |
|---|---|---|
| SIDNEY CAMERON | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | _____ JUDICIAL DISTRICT |
| | § | |
| LIBERTY INSURANCE CORPORATION | § | |
| AND TONI ANGELLO | § | TRAVIS COUNTY, TEXAS |

## PLAINTIFF'S REQUEST FOR DISCLOSURE, REQUESTS FOR PRODUCTION, AND INTERROGATORIES TO DEFENDANTS LIBERTY INSURANCE CORPORATION AND TONI ANGELLO

TO:   Defendants, LIBERTY INSURANCE CORPORATION and TONI ANGELLO, by and through their registered agents for service of process along with Plaintiff's Original Petition, which is attached hereto.

COMES NOW SIDNEY CAMERON ("Plaintiff") and, pursuant to the Texas Rules of Civil Procedure, hereby serves her Request for Disclosure, Requests for Production, and Interrogatories. Plaintiff requests that Defendants timely and properly respond to these discovery requests within 50 days of service in accordance with the Texas Rules of Civil Procedure.

Respectfully submitted,

SOLIS & SMITH, P.C.
12703 Spectrum Drive, Suite 100
San Antonio, Texas  78249
Telephone:  (210) 223-5000
Telecopier:  (210) 223-5007


By:_____
         PAUL A. SMITH, JR.
         State Bar No. 24015025
         paul@solisandsmithlaw.com

         CARLOS E. SOLIS
         State Bar No. 24002972
         carlos@solisandsmithlaw.com

ATTORNEYS FOR PLAINTIFF,
SIDNEY CAMERON


## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served along with Plaintiff's Original Petition on the Defendants in accordance with the Texas Rules of Civil Procedure.


_____
PAUL A. SMITH, JR.
CARLOS E. SOLIS

20

INSTRUCTIONS

1.   Produce the Documents in your possession, custody, or control, as such phrase is defined in Texas Rule of Civil Procedure 192.7(b), described in the attached requests for production, at the offices of the undersigned counsel within thirty (30) days following service of the request upon you or your attorney.

2.   Please respond to the attached Interrogatories in accordance with the requirements of Texas Rule of Civil Procedure 197 and return your responses to the offices of the undersigned counsel within thirty (30) days following service of the request upon you or your attorney.

3.   Please respond to the attached Request for Production in accordance with the requirements of Texas Rule of Civil Procedure 196 and return your responses to the offices of the undersigned counsel within thirty (30) days following service of the request upon you or your attorney

4.   Pursuant to Rule 197.2(d), your Interrogatory answers must be verified. Pursuant to Rule 197.2(c), where appropriate, you may optionally produce records in response to the Interrogatories. Place your response to each Request and Interrogatory in a separate document and restate each Request and Interrogatory followed by your response.

5.   Singular and masculine forms of any nouns or pronouns shall embrace and be applied as the plural, feminine, or neuter, as the context requires, and vice versa.

6.   The past tense of any verb shall embrace and be applied as the present tense, as the context requires or as applicable, or vice versa.

7.   Each request is to be construed and answered or responded to separately and independently, and is not to be referenced to any other request for purposes of limitations.

8.   These requests and interrogatories and your answers to them may be offered in evidence at the trial of this case.

9.   Your failure to respond to these requests and interrogatories as required by the Texas Rules of Civil Procedure within the time required may result in entry of judgment against you, assessment of attorney's fees against you, or other sanctions as determined by the Court.

10.  These requests are continuing in nature and require supplementation as soon as practical if you or your attorney obtain information which reveals that your answers were incorrect or incomplete when made or that your answers are no longer correct or complete.

11.  Documents produced pursuant to these requests should be tendered either in the precise form or manner as they are kept in the usual course of business, or organized and labeled to correspond with the categories in the requests to which they respond.

12. These requests include request for production of electronic or magnetic data by either: (1) providing the undersigned counsel with access to the medium upon which such date is kept so that such data may be reviewed, copied and/or printed; or (2) providing the undersigned counsel with a copy of such data on disk, CD, tape or other acceptable medium in a form in which it may be reviewed, copied and/or printed.

13. The Interrogatories and Requests herein requesting information concerning legal contentions and the factual bases of such contentions are propounded pursuant to Texas Rules of Civil Procedure, Paragraph 192.3(j).

14. If you withhold any Documents from production, please identify the information and material withheld and the specific privilege asserted for each item or group of items withheld, as required by Texas Rules of Civil Procedure 193.3(b). **THIS IS A REQUEST FOR A PRIVILEGE LOG**.

DEFINITIONS

1.  "Defendant" or "LIBERTY INSURANCE CORPORATION" and/or "TONI ANGELLO," "You," "Your," and/or "Yourself" means Defendants, LIBERTY INSURANCE CORPORATION and/or TONI ANGELLO, and their agents, representatives, attorneys, and any other person or entity acting on behalf of them or any of the foregoing.

2.  "Plaintiff" means Plaintiff, SIDNEY CAMERON, and her agents, representatives, attorneys, and any other person or entity acting on behalf of them or any of the foregoing.

3.  The "Property" means the residence(s) specifically described in Plaintiff's Petition and which is the insured's property(ies) at issue in this Lawsuit.

4.  The "Lawsuit" means the above-styled and numbered case.

5.  "Party" or "Parties" shall mean any and/or all parties to the Lawsuit, including Plaintiff and/or any Defendants.

6.  The "Petition" means Plaintiff's Original Petition and/or any amendments and supplements thereto filed in the Lawsuit.

7.  The "Policy" means Policy Number(s) issued by Defendant, which is the basis of this Lawsuit.

8.  The word "Document" or "Documents" is used herein in its broadest sense to include any medium upon or with which information is recorded or preserved which belongs to, or is in or subject to the possession, custody or control of, any of the Parties named and defined hereinabove, by whomever generated or received, including without limitation: writings; printings; drawings; graphs; charts; notes; typewritings; photographs; slides; motion pictures; videotapes or cassettes; phonographs records; type or other mechanical recordings; computer records; electronic mail (e-mail - whether in electronic form or printed on paper or in any other form); information storage devices; disks; or printouts; brochures; pamphlets; maps; surveys; calendars; contracts; interoffice communications; telephone recordings; ledgers; books; statements of account; journals; notices; letter; catalogs; canceled checks; bank statements; invoices; bills; diaries; purchase orders; memoranda of telephone communications; telegrams; telexes or "TWX's"; telecopies; drafts or preliminary versions of the foregoing; communications to or from any governmental or law enforcement sub-division, officer, or agency; and, any other instrument, writing, recording, or data compilation of any nature whatsoever, including any carbon, photographic, microfilm, or other type of copy of such items, if such copy is different from the original by reasons of any markings, additions, commentaries, revisions, deletions, or substitutions. **This definition requires you to search for and produce electronic Documents.**

9.  The term "person" as used herein shall mean and include an individual, sole proprietorship, association, firm, partnership, joint venture, corporation, board,

committee, agency, commission, or any other legal entity of any type for any purpose, whether public or private.

10.     The terms "reflecting" or "evidencing," when used in reference to a certain subject or thing as used herein, shall mean and include to reflect, to evidence, to mention, to discuss, to describe, to explain, to embody, to constitute, or to include that subject or thing.

11.     The term "correspondence" means the written or unwritten transmittal of information or data in the form of facts, ideas, inquiries or otherwise, including but not limited to e-mails, text messages, instant messages, written Documents, facsimiles, saved computer data, and audio and video recordings.

12.     "Meeting" means any encounter between two or more persons during which an oral or written communication occurred and includes, but is not limited to, formal and informal gatherings, conversations and telephone conversations.

13.     The term "communicate" or "communication" shall mean (a) every manner or means of communication, disclosure, transfer, or exchange of information and, (b) every communication, disclosure, transfer, or exchange of information, whether made or accomplished orally or by Document, whether in person, by telephone, mail, e-mail, facsimile, personal delivery, or otherwise. Communications includes, but is not limited to, all agreements.

14.     The term "or" as used herein shall mean and include "and" or "and/or".

15      The term "all" as used herein shall mean "any" and "all".

16.     The term "including" as used herein shall mean "including but not limited to".

17.     The term "fact" as used herein shall include, without limitation, every relevant matter, occurrence, act, event, transaction, occasion, meeting, Document, instance, circumstance, recitation, writing, or other happening.

18.     Certain other terms may be defined within the discovery requests herein.

24

## REQUEST FOR DISCLOSURE

   Pursuant to Texas Rule of Civil Procedure 194.2, Plaintiff requests that you disclose, within 50 days of the service of this request, the information or material described in Rule 194.2 (a) - (l).

## REQUESTS FOR PRODUCTION AND INTERROGATORIES

Please produce the following documents or tangible things and/or answer the following interrogatories, as applicable:

1.  A complete, certified copy of the insurance Policy(s) in effect on the date of Plaintiff's claim(s).

2.  The entire claims investigation files generated and maintained by Defendant in the ordinary course of business pertaining to Plaintiff's claim(s) making the basis of this lawsuit.

3.  Your entire claim file regarding the Property.

4.  All training and educational materials which instruct claims adjusters or claims handlers in handling claims for property damage and water damage coverage under homeowners' insurance policies in Texas. This request is limited to the last five (5) years.

5.  All training and educational materials which instruct claims adjusters or claims handlers in handling claims for coverage of property and water damage claims under homeowners' insurance policies in Texas. This request is limited to the last five (5) years.

6.  All procedure or policy manuals or guides meant to guide and assist claims adjusters or claims handlers in handling claims for property and water damages, including the criteria for and the process for evaluating whether coverage exists under homeowners' policies in Texas. This request is limited to the last five (5) years.

7.  All procedure or policy manuals or guides meant to guide and assist claims adjusters or claims handlers in handling claims for property and water damages to the house, including the criteria for and the process for evaluating whether coverage exists under homeowners' insurance policies in Texas. This request is limited to the last five (5) years.

8.  All communications and documents, including electronic, between Defendant and Plaintiff regarding Plaintiff's claim(s).

9.  All communications and documents, including electronic, between Defendant and any third party regarding Plaintiff's claim(s).

10. All communications and documents, including electronic, between Defendant and any other defendant(s) in this Lawsuit regarding Plaintiff's claim(s).

11. All communications and documents, including electronic, between Defendant's business departments including all persons part of the Defendant's company regarding Plaintiff's claim(s).

12. All communications and documents Defendant sent to any other defendant(s) in this Lawsuit regarding Plaintiff or the Property, after Plaintiff's made their claim(s) for coverage.

13. All photographs, diagrams, drawings, or other graphic depictions of Plaintiff's and/or the Property.

14. Any and all documents, reports, estimates, data, emails, notes, photos, videos, manuals, guides, and summaries regarding the insurance claim(s) made the basis of this Lawsuit, including but not limited to all estimates prepared by all claims adjusters of Defendant regarding the Property and all reports prepared by all engineers hired by Defendant to inspect, test, or observe the Property.

15. All reports and other documents from governmental agencies or offices regarding Plaintiff's Property or containing officially kept information regarding Plaintiff's Property.

16. Any and all claims files and claim reports, including but not limited to notes, emails, data, photos, videos, manuals, guides, summaries and claim documents, regarding all homeowner insurance claims made by Plaintiff's under their homeowner insurance policies, specifically regarding damage to the exterior and interior of Plaintiff's property. This request is limited to the last ten (10) years.

17. Any and all records and/or documents explaining criteria utilized to qualify vendors for the "approved vendor list."

18. Any and all records and/or documents maintained by person(s) responsible for maintaining and updating the "approved vendors list."

19. Any and all records and/or documents maintained by person(s) responsible for creating the criteria utilized to qualify vendors, including contractors and roofing companies, for the "approved vendors list".

20. All documents including reports, estimates, data, emails, testing, sampling, videos and photographs received by Defendant from any source regarding inspections of Plaintiff's property.

21. Any and all records Defendant received, including those obtained by way of deposition by written questions, regarding Plaintiff's Property.

22. Any and all records or documents Defendant has reviewed and/or obtained regarding Plaintiff's Property.

23. Any and all claims files Defendant has reviewed and/or obtained regarding Plaintiff's Property.

24. Any and all records or documents Defendant has reviewed and/or obtained by third parties regarding Plaintiff's Property.

25. All materials meant to instruct and guide claims adjusters under Texas law and/or company policy with regard to unfair claims settlement practices, unfair claims handling practices, standards to be met in adjusting or handling first party insurance claims, and/or avoiding charges of bad faith. This request is limited to the last five (5) years.

26. All bulletins or other communications received from the Texas Department of Insurance, the Texas Insurance Commissioner, or their agents, regarding practices in the handling of claims for property and water damage under homeowner insurance policies in Texas. This request is limited to the last five (5) years.

27. All materials meant to instruct and guide claims adjusters under Texas law and/or company policy with regard to unfair claims settlement practices, unfair claims handling practices, standards to be met in adjusting or handling first party insurance claims, or avoiding charges of bad faith. This request is limited to the last five (5) years.

28. All materials meant to instruct and guide claims adjusters under Texas law and/or company policy with regard to understanding and complying with the Texas Insurance Code §541.060 *et seq.* This request is specifically limited to the last five (5) years.

29. All materials meant to instruct and guide claims adjusters under Texas law and/or company policy with regard to understanding and complying with the Texas Insurance Code §542.055 *et seq.* This request is specifically limited to the last five (5) years.

30. Any and all materials, documents, statements and/or files that demonstrate Defendant's net worth and Defendant's net income. This request is limited to the last five (5) years.

31. Any and all materials, documents, statements and/or files that reflect complaints and/or lawsuits filed by insured's against Defendant regarding the handling, review and/or adjusting of homeowner claims in Texas. This request is limited to the last five (5) years.

32. A copy of each advertisement Defendant has used, published and/or distributed, through any means, in Texas. This request is limited to the last five (5) years.

33. Any and all reference materials, handouts, manuals, outlines, articles, and/or documents used or relied upon by Defendant to conduct any seminars and/or continuing education classes for Defendant's employees and/or adjusters, regarding the adjusting and/or handling of homeowner insurance claims, commercial insurance claims, and property

damage and water damage claims in Texas. This request is limited to the last five (5) years.

34.     Any and all materials, handouts, manuals, outlines, articles and/or documents issued by Defendant's to claims representatives and/or adjusters, or received by claims Representatives and/or adjusters, or relied upon by claims representatives and/or adjusters, pertaining to the adjuster and/or handling of homeowner insurance claims, commercial insurance claims, and property damage and water damage claims in Texas. This request is limited to the last five (5) years.

35.     Any and all reference materials, handouts, manuals, outlines, articles, and/or documents distributed and/or disbursed to Defendant's employer, employees, agents and/or representatives in connection with attendance at seminars and/or continuing education classes regarding the adjusting and/or handling of homeowner insurance claims, commercial insurance claims, property and water damage claims in Texas, within the last five (5) years.

36.     Any and all material reflecting Defendant's attendance policies for adjusters and claims representatives at seminars and/or continuing education classes regarding the adjusting and/or handling of homeowner insurance claims, commercial insurance claims and property damage and water damage claims in Texas. This request is limited to the last five (5) years.

37.     Any and all materials, documents, files and/or reports sent to Defendant by its employer, employees, agents and/or representatives on a monthly, weekly, or daily basis regarding Plaintiff's claim(s). Include any and all field notes and summaries of the room-by-room scope of Plaintiff's property.

38.     Any and all materials, documents, files and/or reports containing list(s) of contractors and engineering companies that have been approved and/or recommended for performance of services for Defendant in Texas, specifically related to homeowner insurance claims. This request is limited to the last five (5) years.

39.     Any and all computer programs, electronic data, documents and/or manuals used by the adjusters and claims representatives to perform property damage and water damage estimates relating to homeowner insurance claims in Texas, including a complete copy of the computer program used to adjust Plaintiff's claim(s). This request is limited to the last five (5) years.

40.     Any and all reference materials, handouts, manuals, outlines, articles and/or documents that have been distributed by and/or disbursed to Defendant regarding the price estimates of contractors and changes of those estimates within different geographical areas of the State of Texas. This request is limited to the last five (5) years.

41.     Any and all materials, documents, files and/or reports of contractors and engineering companies that have been approved and/or recommended for performance of services for

Defendant in Texas. This request is limited to the last five (5) years.

42. Any and all materials, documents, files, invoices, and/or reports of any and all contractors and engineering companies retained to investigate, inspect, and/or evaluate Plaintiff's claim(s) that are the subject of this lawsuit, prepared on behalf of the Defendant.

43. Any and all materials, documents, files, invoices, and/or reports of any and all contractors and engineering and/or foundation repair companies retained to investigate, inspect, and/or evaluate claims similar in nature to Plaintiff's claim(s) asserted in this lawsuit, prepared on behalf of Defendants. This request is limited to the State of Texas. This request is limited to the last five (5) years.

44. Any and all activity logs relating to Plaintiff's claim(s) for property and water damage claims, to their Property, specifically the claim(s) made the basis of this Lawsuit.

45. Any and all documents reflecting company guidelines, procedures, or policies that serve as criteria for evaluating whether claims are covered or excluded by any policy provisions Defendant contends applied to Plaintiff's claim(s).

46. Any and all organizational charts for Defendant.

47. Any and all organizational charts or diagrams for each department, unit, or section of Defendant to which Plaintiff's claim(s) was assigned. This request is limited to the last five (5) years.

48. Any and all charts or diagrams reflecting the chain of command or supervisory hierarchy relating to each person involved in handling Plaintiff's claim(s).

49. Any and all documents reflecting or relating to Defendant's decisions to pay or deny additional expenses to or on behalf of Plaintiff in this case.

50. Any and all records reflecting payment to Plaintiff concerning Plaintiff's claim(s) made the basis of this suit.

51. Any and all documents, including correspondence and checks, exchanged between Defendant and any and all vendors concerning Plaintiff's claim(s).

52. Any and all documents relating to or reflecting referrals of vendors to Plaintiff or any insureds.

53. If you are withholding documents based upon the assertion of a privilege, please produce a privilege log, detailing with reasonable particularity a description of the documents withheld, the number of documents, and the privilege which Defendant claims properly precludes the information from being discovered.

54.   Any and all advanced or specialized certifications of personnel who inspected, investigated, and/or supervised the adjusting of the claim(s) pertaining to Plaintiff's Property.

55.   Any and all documents, including contracts, rules, guidelines and/or instructions exchanged between Defendant, Plaintiff, and any other entities with whom Defendant worked or communicated regarding Plaintiff's Property.

56.   All physical and/or tangible items and/or potentially usable evidence obtained by or on behalf of Defendant from the Property.

57.   Any and all indemnity agreement between Defendant and any other Defendant, person, entity, firm, or corporation against which a claim of indemnification might be brought because of the facts in this lawsuit.

58.   Any and all complaint policies and procedures of Defendant regarding the handling of complaints made by homeowner insured's. This request is limited to the last five (5) years.

59.   Copies of all job descriptions of employees that adjusted or in any way supervised the handling of Plaintiff's claim(s) regarding the Property.

60.   All non-privileged e-mails regarding the investigation, adjusting and/or handling of the claim(s) made the basis of this Lawsuit.

61.   All e-mails between Defendant's adjusters, engineers, supervisors, officers, and/or executives regarding changes in the educational programs relating to the handling of property damage and water damage claims.

62.   All computer files, databases, electronically-stored information or computer-stored information regarding property damage and water damage that have been compiled, prepared and/or supervised by Defendant, whether or not they are in Defendant's possession or in the possession of another entity.

63.   True and complete copies of all billing records from any and all adjusters and engineers regarding the claim(s) made the basis of this Lawsuit.

64.   True and complete copy of activity logs filed by the staff and adjusters on the file.

65.   Any and all reports, documents or correspondence containing the names and locations of all adjusters who have worked on this file to the present.

66.   True and complete copies of all billings on the file from the adjusters, including the time sheets or documentation used to justify the billing.

67.     Any and all reports, documents or correspondence reflecting the reserving and payment history of indemnity, expenses and vendors on this file including but not limited to dates, changes, and requests made by adjusters. This request is limited to the last five (5) years.

68.     Any and all correspondence and lawsuits involving vendors, staff or management involved with property and/or water damage claims from 2003 to present.

69.     Any and all correspondence and lawsuits concerning the issues of honesty, conflict of interest, criminal actions, past criminal records, criminal conduct, fraud investigation and/or inappropriate behavior of any person associated with the handling of claims files, management of property damage and water damage, including staff and vendors.

70.     Any and all answers made in previous discovery requests for lists of property and water damage databases.

71.     Any and all answers and affidavits made by Defendant and its counsels in previous discovery requests for training procedures, training manuals for property and water damage claims.

72.     Any and all reports, documents or correspondence reflecting the history of payment and reserves on this file.

73.     Any and all reports, documents or correspondence containing names of designated individuals who gave testimony as Person Most Knowledgeable as a corporate representative of Defendant for property claims, property damage and water damage for 2003 through the present, including but not limited to any lists of the lawsuits where testimony was given.

74.     Any and all training manuals used by you to train your adjusters on property damage and water damage claims. This request is limited to the last five (5) years.

75.     Any and all correspondence from Defendant to and from vendors regarding any instructions, procedures, changes, training, payments and billing for property, property damage and water damage claims for 2003 through the present, including but not limited to computer disks, e-mails, paperwork and manuals.

76.     Any and all reports, documents, or correspondence containing a list of attendees and dates and locations of all meetings conducted by Defendant for all the adjusters and Defendant staff for property damage and water damage claims training. This request is limited to the last five (5) years.

77.     Any and all reports, documents or correspondence containing lists of files with written complaints or DOI complaints on property damage and water damage claims previously gathered and produced in other TDI complaints or lawsuits. This request is limited to the last five (5) years.

78. Any and all reports, documents or correspondence containing lists of all suits filed against Defendant or its entities or affiliates nationwide containing an element of property damage and water damage disputes for 2003 through the present.

79. Any and all reports, documents or correspondence containing lawsuits where lists of all suits filed against Defendant or its entities or affiliates nationwide containing an element of property damage and water damage or disputes for 2003 through the present were previously produced.

80. Copies of front and back of all checks paid under the insurance Policy issued by Defendant for which an insurance claim was filed by Plaintiff that forms the basis of this Lawsuit. (Specifically, the insurance policy in effect during the time of the insurance claim).

81. Copies of the front and back of all checks paid on the insurance claim made the basis of this Lawsuit.

82. Copies of the front and back of each negotiated check(s) made payable solely or co-payable to Plaintiff under the insurance Policy issued by Defendant for which an insurance claim was filed by Plaintiff that forms the basis of this Lawsuit. (Specifically, the insurance policy in effect during the time of the insurance claim).

83. Copies of the front and back of each negotiated check made payable solely or co-payable to Plaintiff regarding the insurance claim made the basis of this lawsuit.

84. Copies of the front and back of each check made payable solely or co-payable to Plaintiff under the insurance Policy issued by Defendant for which an insurance claim was filed by Plaintiff that forms the basis of this Lawsuit. (Specifically, the insurance policy in effect during the time of the insurance claim).

85. Copies of the front and back of each check made payable solely or co-payable to Plaintiff regarding the insurance claim made the basis of this lawsuit.

86. Studies commissioned by Defendant including any done by a law firm to analyze their claim(s) management strategies and/or to help them improve corporate profits.

87. Affidavits or depositions of the employee(s) who handled Plaintiff's claim(s) to their supervisors in other cases involving this same or similar allegations in this case.

88. The entire underwriter's file for underwriting the insurance policy made the basis of this Lawsuit.

89. All notes, reports, documents, or applications created and/or generated by Defendant's underwriting department related to the insurance Policy made the basis of this lawsuit.

90.   All documents and communications, including electronic, between any engineer(s) or engineering company(s), used to evaluate Plaintiff's claim(s), or other person(s) used in handling Plaintiff's claim(s) and Defendant in the last five years regarding, in any way, the investigation of a homeowners' residence, commercial building or church involving damages to the structures or its contents.

91.   State the name, address, telephone number, and position or job title of all persons answering these interrogatories.

92.   If you contend that any conditions precedent to Plaintiff's recovery have not been met, whether said conditions be stated in the insurance policy or required by law, please state what conditions have not been met and describe the factual bases for such contention.

93.   List the date(s) Defendant requested Plaintiff to provide any of the named defendants in this Lawsuit with requested information which Defendant contends was required in order to properly evaluate Plaintiff's claim(s).

94.   List the date(s) Defendant received Plaintiff's notice of claim(s) for coverage for property damages and the date(s) Defendant first acknowledged Plaintiff's notice of claim(s) and in what form the notice of claim was submitted.

95.   If you contend that Plaintiff did not provide any of the named defendants in this Lawsuit with requested information which you contend was required in order to properly evaluate Plaintiff's claim(s), please state what information was requested and not provided and the dates of such alleged requests.

96.   State the name, address, telephone number, and job title or position of all persons who investigated, reviewed, handled, or made decisions regarding Plaintiff's claim(s). For all such persons who are no longer employees, agents, or representatives of any defendant, please so indicate and provide the person's last known address and telephone number.

97.   State every basis, in fact and in the terms of Plaintiff's Policy, for Defendant's denial and/or recommendation of denial of Plaintiff's claim(s) under the Policy.

98.   State every basis, in fact and in the terms of Plaintiff's Policies, for Defendant's failure to pay for Plaintiff's full damage claim(s) under the Policy.

99.   State every basis, in fact and in the terms of Plaintiff's Policy, for the amount of money Defendant has either paid or offered to pay, if any, for Plaintiff's claim(s) under the Policy.

100.  State the cause number, style, and court for each lawsuit filed against Defendant in the last five years alleging misconduct, improper claims handling, bad faith, violations of Texas Insurance Code §541.060 *et seq* or violations of Texas Insurance Code §542.055 *et seq.* in the handling of first party claims for property damage and water damage coverage

under homeowners' insurance policies.

101. State the legal theories and describe the factual bases for your contention, if you so contend, that Defendant fully complied with each of the claims handling requirements codified in Texas Insurance Code §541.060.

102. State the legal theories and describe the factual bases for your contention, if you so contend, that Defendant fully complied with each of the claims handling requirements codified in Tex. Ins. Code §542.055.

103. State the legal theories and describe the factual bases for your contention, if you so contend, that Defendant fully complied with each of the claims handling requirements codified in Tex. Ins. Code §542.056.

104. State the legal theories and describe the factual bases for your contention, if you so contend, that Defendant fully complied with each of the claims handling requirements codified in Tex. Ins. Code §542.058.

105. State the name, address, and telephone number of each policyholder who gave Defendant written notice, within the last five years, of a complaint about Defendant's handling of first party claims for property and water damage coverage under homeowner insurance policies in Texas.

106. State the name, address, and telephone number of each policyholder from whom Defendant recorded a complaint, within the last five years, about Defendant's handling of first party claims for property and water damage coverage under homeowner policies in Texas.

107. For each complaint identified in the responses to the two interrogatories immediately preceding this interrogatory, please state whether any Texas governmental regulatory agency communicated with Defendant regarding the complaint, or whether Defendant communicated with any governmental agency regarding the complaint. If the response is yes for any such complainant, state the name of the agency, the name of the government's representative with whom Defendant exchanged communication, and the reason for the governmental agency's involvement.

108. For each investigation by a Texas governmental agency within the last five years into Defendant's practices when handling first party claims for property and water damage coverage under homeowners' policies, state the name of the agency, the names of all investigators, and the names of all government representatives with whom Defendant communicated for purposes of the investigation.

109. Identify by name, address, and telephone number, all persons or entities, agency or agents, and brokers that have issued Plaintiff's Policy.

## CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY):* _____   COURT *(FOR CLERK USE ONLY):* _____

STYLED **Sidney Cameron vs. Liberty Insurance Corporation and Toni Angello**

*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment motion for modification or enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing case information sheet is: |
|---|---|---|
| Name: PAUL A. SMITH, JR.<br><br>Address: 12703 Spectrum Drive, Suite 100<br><br>City/State/Zip: San Antonio, Texas 78249<br><br>Signature: *Paul A. Smith Jr.* | Email: paul@solisandsmithlaw.com<br><br>Telephone: (210) 223-5000<br><br>Fax: (210) 223-5007<br><br>State Bar No: 24015025 | Plaintiff(s)/Petitioner(s):<br><br>SIDNEY CAMERON<br><br>Defendant(s)/Respondent(s):<br><br>LIBERTY INSURANCE CORPORATION AND TONI ANGELLO<br><br>[Attach additional page as necessary to list all parties] | ☒Attorney for Plaintiff/Petitioner<br>☐Pro Se Plaintiff/Petitioner<br>☐Title IV-D Agency<br>☐Other: _____<br><br>Additional Parties in Child Support Case:<br><br>Custodial Parent:<br>_____<br>Non-Custodial Parent:<br>_____<br>Presumed Father: |

**2. Indicate case type, or identify the most important issue in the case** *(select only 1):*

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract*<br>☐Consumer/DTPA<br>☐Debt/Contract<br>☐Fraud/Misrepresentation<br>☐Other Debt/Contract:<br><br>*Foreclosure*<br>☐Home Equity—Expedited<br>☐Other Foreclosure<br>☐Franchise<br>☒Insurance<br>☐Landlord/Tenant<br>☐Non-Competition<br>☐Partnership<br>☐Other Contract:<br>_____ | ☐Assault/Battery<br>☐Construction<br>☐Defamation<br>*Malpractice*<br>☐Accounting<br>☐Legal<br>☐Medical<br>☐Other Professional<br>Liability: _____<br><br>☐Motor Vehicle Accident<br>☐Premises<br>*Product Liability*<br>☐Asbestos/Silica<br>☐Other Product Liability<br>List Product:<br>_____<br><br>☒Other Injury or Damage: | ☐Eminent Domain/<br>Condemnation<br>☐Partition<br>☐Quiet Title<br>☐Trespass to Try Title<br>☐Other Property:<br>_____<br><br>**Related to Criminal Matters**<br>☐Expunction<br>☐Judgment Nisi<br>☐Non-Disclosure<br>☐Seizure/Forfeiture<br>☐Writ of Habeas Corpus—<br>Pre-indictment<br>☐Other: _____ | ☐Annulment<br>☐Declare Marriage Void<br>*Divorce*<br>☐With Children<br>☐No Children<br><br>**Other Family Law**<br>☐Enforce Foreign Judgment<br>☐Habeas Corpus<br>☐Name Change<br>☐Protective Order<br>☐Removal of Disabilities of Minority<br>☐Other: _____ | ☐Enforcement<br>☐Modification—Custody<br>☐Modification—Other<br>**Title IV-D**<br>☐Enforcement/Modification<br>☐Paternity<br>☐Reciprocals (UIFSA)<br>☐Support Order<br><br>**Parent-Child Relationship**<br>☐Adoption/Adoption with Termination<br>☐Child Protection<br>☐Child Support<br>☐Custody or Visitation<br>☐Gestational Parenting<br>☐Grandparent Access<br>☐Paternity/Parentage<br>☐Termination of Parental Rights<br>☐Other Parent-Child: |
| **Employment** | **Other Civil** | | | |
| ☐Discrimination<br>☐Retaliation<br>☐Termination<br>☐Workers' Compensation<br>☐Other Employment: | ☐Administrative Appeal<br>☐Antitrust/Unfair Competition<br>☐Code Violations<br>☐Foreign Judgment<br>☐Intellectual Property | ☐Lawyer Discipline<br>☐Perpetuate Testimony<br>☐Securities/Stock<br>☐Tortious Interference<br>☐Other: | | |

| Tax | Probate & Mental Health | |
|---|---|---|
| ☐Tax Appraisal<br>☐Tax Delinquency<br>☐Other Tax | *Probate/Wills/Intestate Administration*<br>☐Dependent Administration<br>☐Independent Administration<br>☐Other Estate Proceedings | ☐Guardianship—Adult<br>☐Guardianship—Minor<br>☐Mental Health<br>☐Other: _____ |

**3. Indicate procedure or remedy, if applicable** *(may select more than 1):*

| | | |
|---|---|---|
| ☐Appeal from Municipal or Justice Court<br>☐Arbitration-related<br>☐Attachment<br>☐Bill of Review<br>☐Certiorari<br>☐Class Action | ☐Declaratory Judgment<br>☐Garnishment<br>☐Interpleader<br>☐License<br>☐Mandamus<br>☐Post-judgment | ☐Prejudgment Remedy<br>☐Protective Order<br>☐Receiver<br>☐Sequestration<br>☐Temporary Restraining Order/Injunction<br>☐Turnover |

**4. Indicate damages sought** *(do not select if it is a family law case):*

☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☐ Over $100,000 but not more than $200,000
☑ Over $200,000 but not more than $1,000,000
☐ Over $1,000,000

Unofficial copy Travis Co. District Clerk Velva L. Price

C I T A T I O N

T H E   S T A T E   O F   T E X A S

**CAUSE NO. D-1-GN-16-004261**

SIDNEY CAMERON

, Plaintiff

vs.

LIBERTY INSURANCE CORPORATION AND TONI ANGELLO

, Defendant

TO:   LIBERTY INSURANCE CORPORATION
BY SERVING ITS REGISTERED AGENT CORPORATION SERVICE COMPANY
211 EAST 7TH STREET #620
AUSTIN, TEXAS 78701-3218

certified mail#70142120000082490101

Defendant, in the above styled and numbered cause:

**YOU HAVE BEEN SUED.**   You may employ an attorney.   If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

Attached is a copy of the PLAINTFFS ORIGINAL PETITION of the PLAINTIFF in the above styled and numbered cause, which was filed on SEPTEMBER 06, 2016 in the 98TH JUDICIAL DISTRICT COURT of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, September 14, 2016.

REQUESTED BY:
PAUL ALLEN SMITH
12703 SPECTRUM DRIVE, SUITE 100
SAN ANTONIO, TX 78249
BUSINESS PHONE:(210)223-5000   FAX:(210)223-5007

**Velva L. Price**
**Travis County District Clerk**
Travis County Courthouse
1000 Guadalupe, P.O. Box 679003 (78767)
Austin, TX 78701

PREPARED BY: RUBEN TAMEZ

— — — — — — — — — — R E T U R N — — — — — — — — — —

Came to hand on the 14 day of September, 2016 at 10:00 o'clock A M., and executed at 211 East 7th St. #620 Austin, Tx 78701-3218 within the County of Travis on the 13 day of September, 2016, at 10:00 o'clock A M., by delivering to the within named Corporation Service Company by Certified Mail , each in person, a true copy of this citation together with the PLAINTIFFS ORIGINAL PETITION WITH DISCOVERY ATTACHED, LAWYER REFERRAL accompanying pleading, having first attached such copy of such citation to such copy of pleading and endorsed on such copy of citation the date of delivery.

Service Fee: $ 75.00

Sworn to and subscribed before me this the

_____ day of _____, _____.

_____
Notary Public, THE STATE OF TEXAS

Sheriff / Constable / Authorized Person

By: _____

Printed Name of Server

Travis County, Texas

D-1-GN-16-004261

SERVICE BY THE DISTRICT CLERK

P01 - 0000443

☐ Original    ☐ Service Copy

C I T A T I O N

T H E   S T A T E   O F   T E X A S

**CAUSE NO. D-1-GN-16-004261**

SIDNEY CAMERON

, Plaintiff

    vs.

LIBERTY INSURANCE CORPORATION AND TONI ANGELLO

, Defendant

TO:  TONI ANGELLO
     3704 AUTUMN BAY DR.
     AUSTIN, TEXAS 78744-1756

certified mail#70142120000082490132

Defendant, in the above styled and numbered cause:

**YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.**

Attached is a copy of the PLAINTFFS ORIGINAL PETITION of the PLAINTIFF in the above styled and numbered cause, which was filed on SEPTEMBER 06, 2016 in the 98TH JUDICIAL DISTRICT COURT of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office September 14, 2016.

REQUESTED BY:
PAUL ALLEN SMITH
12703 SPECTRUM DRIVE, SUITE 100
SAN ANTONIO, TX 78249
BUSINESS PHONE:(210)223-5000 FAX:(210)223-5001

Velva L. Price
**Travis County District Clerk**
Travis County Courthouse
1000 Guadalupe, P.O. Box 679003 (78767)
Austin, TX 78701

PREPARED BY: RUBEN TAMEZ

-- -- - -- -- -- -- -- -- -- -- R E T U R N -- -- -- -- -- -- -- - - -- --

Came to hand on the 14 day of September, 2016 at 10:00 o'clock A M., and
executed at 3704 Autumn Bay Dr. Austin Tx 78744-1756 within the County of
Travis on the 14 day of September, 2016, at 10:00 o'clock A M.,
by delivering to the within named Toni Angello by Certified Mail , each
in person, a true copy of this citation together with the PLAINTIFFS ORIGINAL PETITION WITH
DISCOVERY ATTACHED, LAWYER REFERRAL accompanying pleading, having first attached such copy of such
citation to such copy of pleading and endorsed on such copy of citation the date of delivery.

Service Fee: $ 75.00

Sheriff / Constable / Authorized Person

Sworn to and subscribed before me this the

By: Ruben Tamez

_____ day of _____, _____.

Printed Name of Server

Travis County, Tex

Notary Public, THE STATE OF TEXAS

D-1-GN-16-004261

SERVICE BY THE DISTRICT CLERK

P01 - 0000443

☐ Original   ☐ Service Copy

C I T A T I O N

T H E   S T A T E   O F   T E X A S

**CAUSE NO. D-1-GN-16-004261**

Filed in The District Court
of Travis County, Texas

SEP 16 2016

At _____ 10:00 AM.

Velva L. Price, District Clerk

SIDNEY CAMERON

, Plaintiff

vs.

LIBERTY INSURANCE CORPORATION AND TONI ANGELLO

, Defendant

TO:  LIBERTY INSURANCE CORPORATION
BY SERVING ITS REGISTERED AGENT CORPORATION SERVICE COMPANY
211 EAST 7TH STREET #620
AUSTIN, TEXAS 78701-3218

certified mail#70142120000082490101

Defendant, in the above styled and numbered cause:

**YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written
answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the
expiration of twenty days after you were served this citation and petition, a default judgment may
be taken against you.**

Attached is a copy of the PLAINTFFS ORIGINAL PETITION of the PLAINTIFF in the above styled and
numbered cause, which was filed on SEPTEMBER 06, 2016 in the 98TH JUDICIAL DISTRICT COURT of Travis
County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office September 14, 2016.

REQUESTED BY:
PAUL ALLEN SMITH
12703 SPECTRUM DRIVE, SUITE 100
SAN ANTONIO, TX 78249
BUSINESS PHONE:(210)223-5000   FAX:(210)223-5007

Velva L. Price
Travis County District Clerk
Travis County Courthouse
1000 Guadalupe, P.O. Box 679003 (78767)
Austin, TX 78701

PREPARED BY: RUBEN TAMEZ

-- -- -- -- -- -- -- -- R E T U R N -- -- -- -- -- -- -- --

Came to hand on the 14 day of September, 2016 at 10:00 o'clock A M., and
executed at 211 East 7th St. #620 Austin, Tx 78701-3218 within the County of
Travis on the 13 day of September, 2016, at 10:00 o'clock A M.,
by delivering to the within named Corporation Service Company by Certified Mail , each
in person, a true copy of this citation together with the PLAINTIFFS ORIGINAL PETITION WITH
DISCOVERY ATTACHED, LAWYER REFERRAL accompanying pleading, having first attached such copy of such
citation to such copy of pleading and endorsed on such copy of citation the date of delivery.

Service Fee: $ 75.00

_____
Sheriff / Constable / Authorized Person

Sworn to and subscribed before me this the

By: _____
Ruba Tamez
_____
Printed Name of Server

_____ day of _____, _____.

_____
Travis                    County, Texas

_____
Notary Public, THE STATE OF TEXAS

D-1-GN-16-004261                    SERVICE BY THE DISTRICT CLERK                    P01 - 00004435

☐ Original    ☐ Service Copy

Unofficial Copy Travis Co. District Clerk Velva L. Price

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees P
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box•

**Travis County District Clerk**
**P.O. Box 679003**
**Austin, Texas 78767-9003**

D-1-GN-16-004241

---

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired. <br> ■ Print your name and address on the reverse so that we can return the card to you. <br> ■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature <br> X _Chris Salazar_ ☐ Agent ☐ Addressee <br> B. Received by *(Printed Name)* \| C. Date of Delivery SEP 15 2016 |
| 1. Article Addressed to: <br><br> LIBERTY INSURANCE CORPORATION <br> BY SERVING ITS REGISTERED AGENT CORPORATION SERVICE COMPANY <br> 211 EAST 7TH STREET #620 <br> AUSTIN, TEXAS 78701-3218 | D. Is delivery address different from item 1? ☐ Yes <br> If YES, enter delivery address below: ☐ No |
| | 3. Service Type <br> ☐ Certified Mail® ☐ Priority Mail Express™ <br> ☐ Registered ☐ Return Receipt for Merchandise <br> ☐ Insured Mail ☐ Collect on Delivery <br> 4. Restricted Delivery? *(Extra Fee)* ☐ Yes |
| 2. Article Number <br> *(Transfer from service label)* | 7014 2120 0000 8249 0101 |

PS Form 3811, July 2013     Domestic Return Receipt

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

O F F I C I A L  U S E

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee <br> (Endorsement Required) | |
| Restricted Delivery Fee <br> (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark
Here

*Sent To*
LIBERTY INSURANCE CORPORATION
BY SERVING ITS REGISTERED AGENT CORPORATION SERVICE COMPANY
211 EAST 7TH STREET #620
AUSTIN, TEXAS 78701-3218

7014 2120 0000 8249 1010

See Reverse for Instructions

10/7/2016 4:31:27 PM
**Velva L. Price**
**District Clerk**
**Travis County**
**D-1-GN-16-004261**
**Irene Silva**

CAUSE NO. D-1-GN-16-004261

| | | |
|---|---|---|
| SIDNEY CAMERON | § | IN THE DISTRICT COURT |
| | § | |
| v. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| LIBERTY INSURANCE | § | |
| CORPORATION AND TONI | § | |
| ANGELLO | § | 98TH JUDICIAL DISTRICT |

## DEFENDANT LIBERTY INSURANCE CORPORATION'S ORIGINAL ANSWER AND VERIFIED PLEA IN ABATEMENT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant Liberty Insurance Corporation ("Liberty") and files this Original Answer and Verified Plea in Abatement to Plaintiff's Original Petition and for such would respectfully show the Court the following:

## I.
## GENERAL DENIAL

Pursuant to TEX. R. CIV. P. 92, Liberty denies each and every, all and singular, the allegations set forth in Plaintiff's Original Petition and demands strict proof thereof by a preponderance of the evidence at the final trial of this case.

## II.
## AFFIRMATIVE DEFENSES

**Appraisal.** Liberty avers and asserts that Plaintiff has failed to satisfy all conditions precedent to bringing this suit under her homeowners' insurance policy. Specifically, Liberty reserves its right to invoke the policy's appraisal provision to resolve issues regarding the amount of loss and denies any intent to waive this right.

## III.
## PLEA IN ABATEMENT

Plaintiff alleges that Liberty acted in bad faith by failing to pay the appropriate benefits under her homeowner's insurance policy for damage caused by a wind and hail storm that occurred on or about September 19, 2014. In addition to causes of action for breach of contract, fraud and breach of the common-law duty of good faith and fair dealing, Plaintiff has also asserted causes of action for violations of the Texas Deceptive Trade Practices Act and the Texas Insurance Code. *See* Plaintiff's Original Petition at pp. 8-14.

Liberty is entitled to abatement because Plaintiff did not give written notice of her claims at least 60 days before filing suit as required by Section 17.505 of The Texas Deceptive Trade Practices Act and Section 541.154 of the Texas Insurance Code. *See also In re Alford Chevrolet-Geo*, 997 S.W.2d 173, 176 (Tex. 1999). The applicable sections require that a person seeking damages under these statutes give written notice of their claims at least 60 days before filing suit. The written notice must include a description of the specific complaint and the amount of actual damages and expenses, including attorneys' fees, reasonably incurred in asserting the claim. It is undisputed that Plaintiff prematurely filed suit on September 6, 2016. Accordingly, Plaintiff did not provide proper notice of her claims 60 days prior to filing suit and Liberty is entitled to an abatement of this suit.

WHEREFORE, PREMISES CONSIDERED, Defendant Liberty Insurance Corporation respectfully prays that this action be abated until 60 days after proper written notice is served in compliance with Section 541.154 of the Texas Insurance Code and Section 17.505 of the Deceptive Trade Practices Act; that upon final hearing hereof, Plaintiff take nothing by reason of this action, that Liberty be awarded its costs of court, and for such other and further relief to which it may show itself justly entitled.

Respectfully submitted,

**HANNA & PLAUT, L.L.P.**
211 East Seventh Street, Suite 6000
Austin, Texas  78701
Telephone:    (512) 472-7700
Facsimile:    (512) 472-0205

By: _____
Catherine L. Hanna
State Bar No. 08918280
Email:  channa@hannaplaut.com
Laura D. Tubbs
State Bar No. 24052792
Email:  ltubbs@hannaplaut.com

**ATTORNEYS FOR DEFENDANT LIBERTY
INSURANCE CORPORATION**

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been delivered via e-service and/or facsimile on this _____ day of October, 2016 to:

***Via Facsimile (210) 223-5007***
Paul R. Smith, Jr.
Carlos E. Solis
Solis & Smith, P.C.
12703 Spectrum Drive, Suite 100
San Antonio, Texas  78249
*Attorneys for Plaintiff*

_____
Laura D. Tubbs

## VERIFICATION

STATE OF TEXAS        §
                         §
COUNTY OF TRAVIS   §

       BEFORE ME, the undersigned authority in and for the State of Texas, on this day personally appeared Laura D. Tubbs known to me to be the same person whose name is subscribed hereto, who being first duly sworn in the manner provided by law on oath stated that she is duly qualified to make this affidavit on behalf of Liberty Insurance Corporation, one of the Defendants in the above-entitled and numbered cause, that she has read Paragraph III of Defendant Liberty Insurance Corporation's Original Answer and Verified Plea in Abatement and the matters stated therein are within her personal knowledge and are true and correct.

_____
Laura D. Tubbs

       SUBSCRIBED AND SWORN TO BEFORE ME, the undersigned authority, on this the _____ day of October, 2016, to certify which witness my hand and official seal of office.

LISA MARIE PETRIE
NOTARY PUBLIC
ID# 46035-2
State of Texas
Comm. Exp. 08-20-2020

_____
Notary Public in and for the State of Texas